DANAHY, Chief Judge.
This is an appeal from the financial provisions of the final judgment dissolving the parties’ marriage. In its order of distribution, the trial court meticulously listed each asset owned by the parties in order to award them to either the husband or the wife. No mention of the husband’s vested profit sharing and pension plans was made in his financial affidavit, or otherwise during the case, except for a brief mention of them during the husband’s testimony at trial. That testimony placed the value of the plans at $260,000. The trial court made no mention of this asset in the final judgment. The controlling case of Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla.1986), was released only days before the final hearing in this action. Diffenderfer mandates that the trial court consider the vested interest in such plans as a marital property when constructing the overall scheme of equitable distribution in a dissolution proceeding. From an examination of the record, it appears that the court and the parties were unaware of this directive concerning vested plans. Nevertheless, Dif-fenderfer was the controlling law at the time of the final hearing.
As Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980), instructs:
In order to properly review orders of the trial judge, appellate courts must recognize the distinction between an incorrect application of an existing rule of law and an abuse of discretion. Where a trial judge fails to apply the correct legal rule, as when he refuses to terminate periodic alimony upon remarriage of the receiving spouse, the action is erroneous as a matter of law. This is not an abuse of discretion. The appellate court in reviewing such a situation is correcting an erroneous application of a known rule of law.
Id. at 1202 (emphasis in original).
In the instant case, it was error for the court not to consider this asset, as it apparently did not, in deciding how to divide all the assets of the parties equitably. The error is not harmless because this asset is of substantial value to the parties. Therefore, we reverse so that the trial court may reconsider and make any necessary adjustments in the overall scheme of distribution of marital assets in light of Diffenderfer. Barnett v. Barnett, 508 So.2d 456 (Fla. 4th DCA 1987).
Reversed and remanded with directions.
RYDER and CAMPBELL, JJ., concur.